**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ARELYS ESTEN,**<br><br>Plaintiff,<br><br>vs.<br><br>**MAD-MAC, LLC, a/k/a MAD MAC MACARONS a/k/a MAD MAC NYC, FLORIAN BELLANGER, Individually, and LUDOVIC AUGENDRE, Individually,**<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff ARELYS ESTEN ("Esten" or "Plaintiff") brings this Complaint against Defendants, MAD-MAC, LLC, **a**/k/a MAD MAC MACARONS a/k/a MAD MAC NYC and all other affiliated entities and/or joint employers ("Mad Mac" or "Corporate Defendant") FLORIAN BELLANGER, Individually ("Bellanger") and LUDOVIC AUGENDRE, Individually (" Augendre") (collectively "Defendants") and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. the New Jersey State Wage and Hour Law, N.J.S.A. §34:11-56a et seq. ("NJWHL") and the New Jersey Wage Payment Law, N.J.S.A. §34:11-4 et. seq. ("NJWPL").

2. Beginning in approximately March, 2023, Defendants engaged in a policy and practice of requiring Plaintiff to regularly work in excess of forty (40) hours per week, without providing minimum wage compensation and overtime compensation as required by applicable federal and New Jersey state law.

3. Defendants further failed to pay Plaintiff for all hours worked as required by applicable federal and state law.

4. The Plaintiff has initiated this action to recover unpaid minimum wage compensation and unpaid overtime compensation that Plaintiff was deprived of, as well was liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

6. This Court has subject matter jurisdiction over Plaintiff's NJWHL and NJWPL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claims occurred in this district.

8. At all times material hereto, Plaintiff performed non-exempt baking duties for the Defendants from their bakery located in Paterson, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

9. At all times pertinent to this Complaint, the corporate Defendant was and remains an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants' business purchases goods and materials from vendors in New Jersey as well as from other states throughout the country and further moves goods and materials through other states in the country. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in

interstate commerce and further move such goods through interstate commerce channels. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

10. Plaintiff Esten is an adult individual who is a resident of Paterson, New Jersey.
11. Plaintiff Esten was employed by Defendants from in or about March 2023 through in or about the end of April 2025 and, during that time, Plaintiff worked in furtherance of Defendants' business.

**Corporate Defendants**

12. Mad Mac is a New Jersey foreign limited liability company, with its main business address listed as 265 Vreeland Avenue, Paterson NJ 07504.
13. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform labor and services on behalf of Defendants and their business.

**Individual Defendants**

14. Upon information and belief, the individual Defendant Bellanger is a New Jersey state resident.
15. Upon information and belief, at all times relevant to this Complaint, Bellanger has been an owner, partner, officer and/or manager of the Defendant Mad Mac.
16. Upon information and belief, at all times relevant to this Complaint, the individual Defendant Bellanger has had power over personnel decisions at Mad Mac.
17. The individual Defendant Bellanger was regularly present at Defendants' business location and managed the day-to-day operations, controlled the employee pay practices, and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

18. Upon information and belief, the individual Defendant Augendre is a New Jersey state resident.
19. Upon information and belief, at all times relevant to this Complaint, Augendre has been an owner, partner, officer and/or manager of the Defendant Mad Mac.
20. Upon information and belief, at all times relevant to this Complaint, the individual Defendant Augendre has had power over personnel decisions at Mad Mac.
21. The individual Defendant Augendre was regularly present at Defendants' business location and managed the day-to-day operations, controlled the employee pay practices, and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.
22. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.
23. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**FACTS**

24. Based upon the information preliminarily available, and subject to discovery, beginning from in or about March, 2023, and continuing at least until the end of April, 2025, Defendants employed Plaintiff in furtherance of their luxury bakery.
25. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Plaintiff.
26. Defendants refused and failed to pay Plaintiff minimum wage compensation at the statutorily required rate of pay for all hours worked.
27. Defendants refused to pay Plaintiff overtime compensation at the statutorily required rate of pay for the hours that she worked in a work week in excess of forty (40) hours.

28. Plaintiff Esten generally worked approximately forty-seven and a half (47.5) hours per week.

29. Regardless of the number of hours that Plaintiff worked each day and each week in excess of forty (40), Defendants improperly paid Plaintiff the same weekly rate of pay, excepting raises or wage reductions that occurred during his employment.

30. Defendants failed and refused to pay Plaintiff for two (2) weeks of work in 2025.

31. At all times material hereto, Plaintiff was performing her duties for the benefit of and on behalf of Defendants.

32. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL and the NJWPL, in that Plaintiff performed non-exempt services and labor for Defendants for which Defendants made no provision to pay Plaintiff compensation which she was lawfully entitled for hours worked at the minimum wage, as well for hours worked in excess of forty (40) in a work week.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

33. Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

34. Plaintiff is entitled to compensation for each of her overtime hours worked each work week.

35. Defendants knowingly and willfully failed to pay Plaintiff at one and one half times his regular rate of pay for the overtime hours worked.

36. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

37. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

38. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

**COUNT II**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE NJWHL**

39. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.
40. Plaintiff is entitled to compensation for each of his overtime hours worked each work week.
41. Defendants knowingly failed to pay Plaintiff at one and one half times her regular rate of pay for the overtime hours worked.
42. Defendants' aforementioned conduct is in violation of the NJWHL. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq*., the Defendants willfully failed to pay the Plaintiff her statutorily required overtime compensation for the time she worked in excess of forty (40) hours a week for the Defendants.
43. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings.

**COUNT III**
**RECOVERY OF COMPENSATION**
**PURSUANT TO THE NJWPL**

44. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.
45. Plaintiff is entitled to be paid compensation at the statutorily required rate of pay for all hours worked.
46. Defendants failed and refused to pay Plaintiff for all hours worked and further failed and refused to pay Plaintiff at the statutorily required overtime rate of pay.

47. Defendants' aforementioned conduct is in violation of New Jersey State Wage Payment Law, N.J.S.A. 34:11- 4.1, et seq., in that the Defendants willfully failed to properly pay Plaintiff for all hours worked.

48. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings.

49. As a result of Defendants' violations, Plaintiff is entitled to liquidated damages as directed pursuant to the NJWPL.

**COUNT IV**
**RECOVERY OF MINIMUM WAGE**
**PURSUANT TO THE FLSA**

50. Plaintiff re-alleges and incorporates here by reference all allegations contained in the paragraphs above.

51. Defendants knowingly, willfully, and intentionally failed to compensate Plaintiff at the applicable minimum hourly wage in violation of 29 U.S.C. § 206(a).

52. Because of Defendants' willful violation of FLSA, Plaintiff is entitled to recover from Defendants, her unpaid minimum wages, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, pursuant to FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

**COUNT V**
**RECOVERY OF MINIMUM WAGE COMPENSATION**
**PURSUANT TO THE NJWHL**

53. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

54. Plaintiff is entitled to be paid at the statutorily required minimum wage for each of her hours worked up to and including forty (40) hours in a workweek.

55. Defendants knowingly and willfully failed to pay Plaintiff the statutory minimum wage for her hours worked in a work week.

56. By reason of the said intentional, willful, and unlawful acts of the Defendants Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

57. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to treble damages in accordance with the NJWHL.

**JURY TRIAL**

58. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, seeks the following relief:

(1) on her first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on her second cause of action, against Defendants in an amount to be determined at trial, unpaid wages, plus liquidated damages interest, attorneys' fees and costs as permitted under the NJWHL.

(3) on her third cause of action, against Defendants in an amount to be determined at trial, unpaid wages, plus liquidated damages interest, attorneys' fees and costs as permitted under the NJWPL.

(4) on her fourth cause of action, against Defendants in an amount to be determined at trial, unpaid wages, plus liquidated damages interest, attorneys' fees and costs as permitted under the FLSA.

(5) on her fifth cause of action, against Defendants in an amount to be determined at trial, unpaid wages, plus liquidated damages interest, attorneys' fees and costs as permitted under the NJWHL.

Dated: October 16, 2026

Respectfully submitted,

/s/ Andrew Glenn
Andrew Glenn, Esq.
E-mail: aglenn@jaffeglenn.com
Jodi J. Jaffe, Esq.
Email: jjaffe@jaffeglenn.com
300 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Tel: (201) 687-9977
Fax: (201) 595-0308